

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDDLE DISTRICT OF NORTH CAROLINA

Hassie-Demond; Nowlin,  )
   Plaintiff pro se', )
V. ) Case No.: 1:11CV20
American Home MTG SVC, Defendant ) TRIAL BY JURY DEMANDED
)
)

### PLAINTIFFS' SATEMENT OF CLAIM
### STATEMENT UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Plaintiff, **Hassie-Demond; Nowlin**.

At all times hereinafter mentioned, The Plaintiff was and still is a resident of Guilford County, State of North Carolina. From here on **Hassie-Demond; Nowlin**, will be known as
The Plaintiff.

Plaintiff respectfully submits Plaintiffs Statement of *__Claim and Statement upon Which Relief Can Be Granted.__*

1

## Statement of Claim

The Defendant is governed under the law by The Fair Debt Collection Practices Act 15 USC Section §1692, *et seq*. The Defendants are also governed under the law by The Fair Credit Reporting Act 15 USC Section §1681, *et seq*. The State of North Carolina abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court. Specifically section 813 of the FDCPA and 618 of the FCRA.

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendants.

**Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendants in an attempt to collect and credit reporting of the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Debt Collection Practices Act, 15 USC §1692,*et seq*. and the Fair Credit Reporting Act 15 USC §1681, *et seq*.**

On or about March 9th 2010 the Defendant reported erroneous and inaccurate information into Plaintiff's credit report. The Plaintiff sent them a letter of Validation asking this person to provide proof of Permissible purposes of consumer reports under [15 U.S.C. § 1681b] the Plaintiff never had received any information from this company prior to the date .

### Count I

**§ 807. False or misleading representations [15 USC 1692e]**

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a

2

legal action.

(12)

NOTE - The Omnibus Appropriation bill (13) which was signed into law on Sept. 30th, 1996 included an amendment to the Fair Debt Collection Practices Act. The amendment requires the debt collector to give the mini-Miranda warning in the initial communication but, in all subsequent communications with the debtor, the debt collector must disclose that ..."This communication is from a debt collector." This amendment became effective December 31, 1996. Attorneys who are involved either in the collection process or with foreclosures and/or consumer bankruptcies must be alert to their obligations under the Act. Once the first contact has been made with a debtor, a written validation notice must be sent to the debtor, on a one-time basis, within five days (which must also contain the mini-Miranda warning).

Thereafter, **all communications with a debtor**, whether written or oral, must contain the "mini-Miranda" warning. **This includes telephone conversations**, correspondence, demand letters, stipulations, notices, discovery, receipts of payment and post-judgment remedies.

> NOTE - in accordance with the recent amendment, § 807(11) does not apply to formal legal pleadings made in connection with a legal action.

The Defendant did not comply with the law when contacting the Plaintiff by failing to inform the Plaintiff of his rights. **Plaintiff demands judgment for $1000.00**

## Count II

The Defendant also violated Section **809. Validation of debts [15 USC 1692g]** of the DCPA by not providing proof of the alleged debt as requested by the Plaintiffs letter of validation on September 3 2010 by continuous collection activity prior to validation of the debt.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name

3

and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

**Plaintiff demands judgment for $1000.00**

## Count III

**§ 604. Permissible purposes of consumer reports [15 U.S.C. § 1681b]**

(2) In accordance with the written instructions of the consumer to whom it relates

**No permissible purpose to pull the report. On or about July 9th the Defendant preformed an inquiry into the Plaintiffs Experian, Equifax and TransUnion reports. The Defendant has not provided acceptable proof of any alleged debt subsequently violating the following in the FCRA, There was no authorization by the Plaintiff to pull the report.**

**Plaintiff demands judgment for $3000.00**

## Complaint/Statement of Claim against The Creditor

The Law of Agency applies in this matter.

The Plaintiff had contacted the Defendant American Home MTG SVC on or about October 2010 in reference to erroneous and inaccurate reporting in the Plaintiffs Credit Report this is covered under the FCRA. <u>The Fair Credit Reporting Act 15 USC Section §1681, *et se*</u>

4

## PAINTIFFS' SATEMENT OF CLAIM

COMES NOW the Plaintiff, Hassie-Demond; Nowlin.

Plaintiff respectfully submits Plaintiffs Statement of Claim.

The Defendant American Home MTG SVC is a credit lender and as such governed under the law by The Fair Credit Reporting Act 15 USC §1681, *et seq*. and also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and Innovis all national credit reporting agencies

**The State of North Carolina abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court. Specifically the Fair Credit Reporting Act § 618 15 USC §1681p,** *et seq*.

The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged account is not in question here. But the fact as to how it was or was not verified and wrongful actions of the Defendant in inserting erroneous and inaccurate information and failure to indicate the account is in dispute in the Plaintiffs credit reports, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681, *et seq*.

The Plaintiff requested a copy of his Credit Report from Experian/Equifax/TransUnion on September 2010. Upon inspection of the said report the Plaintiff observed that AMERICAN HOME MTG SVC was listed on the Plaintiffs Experian and /Equifax/TransUnion credit report. AMERICAN HOME MTG SVC has never contacted the Plaintiff at any time prior to today's date with any allegations of any alleged debt/account. The Plaintiff has not now or ever had any business affiliation or relationship with AMERICAN HOME MTG SVC has never applied for any type of mortgage, loan, credit card or insurance or employment reasons with the Defendant. The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on October, 4 2010 which the Defendant received on October, 6 2010 asking for proof of this alleged account. After not receiving any answer from the

5

Defendant, the Plaintiff contacted the Defendant on January, 7th 2010 with a final notice of Pending Lawsuit in an attempt to settle this situation amicably to try and get a response from the Defendant prior to filing this complaint. The Defendant received this letter on January __$^{th}$ 2011 via certified US Mail. The Defendant has never responded to the Plaintiff. The Plaintiff has tried every way possible to resolve these issues but has never received an answer from AMERICAN HOME MTG SVC forcing the Plaintiff to this court action in order for the court to intervene in this matter. The derogatory erroneous and inaccurate information still remains on the Plaintiff's Credit report to date. The Plaintiff has requested confirmation/disputed this alleged account with TransUnoin/Experian and Equifax on several occasions and TransUnoin/Experian and Equifax have confirmed that they are reporting it correctly as advised to TransUnoin/Experian and Equifax by AMERICAN HOME MTG SVC. The Defendant must also inform notice of dispute to the Major Credit Reporting agencies that the alleged debt is in dispute, which the Defendant has not done. The Defendant has continued reporting erroneous and inaccurate information by updating the Plaintiffs credit report for more then three months even after informing the Defendant of this and asking for proof of any account and has done so to-date. The Defendant is in violation the Fair Credit Reporting Act [15 U.S.C. § 1681], *et seq*. As follows:

A.      Failure to inform the National Credit Reporting Agencies that the alleged account is in dispute and failing to do so for over two years.

B.      Continually updating the Plaintiff's credit report for over three months with this erroneous and inaccurate information for over two years.

Plaintiff re-alleges the allegations set forth in paragraphs.

# VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681o]:

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) <u>the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and</u>

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by

7

any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

The information from AMERICAN HOME MTG SVC Services on the Experian/Equifax/ TransUnoin credit reports of Plaintiff does not reflect that the information is disputed by the consumer.

According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under

this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff demands Judgment in the amount of $9,000.00 for each month the Defendant violated the act by updating the Plaintiffs credit reports with inaccurate and erroneous information.

Plaintiff re-alleges the allegations set forth in paragraphs.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681n]:

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids

# VIOLATION OF THE FAIR CREDIT REPORTING ACT

According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681]:

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) <u>regularly and in the ordinary course of business furnishes information</u> to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) <u>Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by</u>

any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

Plaintiff demands Judgment in the amount of $9,000.00 for each month the Defendant has failed to report the alleged account in dispute.

Plaintiff re-alleges the allegations set forth in paragraphs.

Plaintiff has notified defendant AMERICAN HOME MTG SVC by certified mail that the Plaintiff

11

disputes the inaccurate information.

Defendant AMERICAN HOME MTG SVC continues to report the alleged debt on the Transunion, Experian and Equifax credit report of Plaintiff to date.

According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15 U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff has a negative Experian credit score of 615 as of this date and has been denied credit and at reasonable rates because of the willful noncompliance actions erroneous and inaccurate reporting and/or inaction's of the defendants.

According to the Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o]

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff has a negative Experian credit score of 615 as of this date and has been denied credit at reasonable rates because of the negligent noncompliance actions and/or inaction's of the defendant. Plaintiff has suffered injury in the form of Defamation of character

THEREFORE Plaintiff requests judgment against Defendant for damages of $159,000.00 plus costs and fees and punitive damages as allowed by the court.

Defendant AMERICAN HOME MTG SVC has never obtained verification of the account or mailed/provided such verification to the Plaintiff.

WHEREFORE, the defendant has violated the Fair Credit Reporting Act. Plaintiff demands Judgment in the amount of $9000, plus all costs of this action along with punitive damages in the amount of $159,000.00

Respectfully submitted this 12th day of January 2011.

Hassie-Demond ;Nowlin, Plaintiff

hdknowlin@hotmail.com
c/o 2020 Anthony Court

Greensboro, North Carolina
*(336) 327-5716*