UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:11-cv-20

HASSIE-DEMOND NOWLIN,

       *Pro Se* Plaintiff,

v.

AMERICAN HOME MTG SVC,

       Defendant.

## ANSWER OF DEFENDANT AMERICAN HOME MORTGAGE SERVICING, INC.

Defendant American Home Mortgage Servicing, Inc., improperly named in-suit as American Home MTG SVC ("AHMSI"), by and through counsel, hereby answers Plaintiff's Complaint.

## FIRST DEFENSE

Because the paragraphs in Plaintiff's Complaint are not numbered, AHMSI has attached a version of the Complaint with numbered paragraphs. *See* Exhibit A. The numbered paragraphs in Exhibit A correspond with the numbered paragraphs in this Answer.

1. This paragraph contains conclusions of law to which no response is necessary. To the extent a response is deemed necessary, AHMSI denies that it has violated the Fair Debt Collection Practices Act ("FDCPA") or the Fair Credit Reporting Act ("FCRA").

2. This paragraph contains allegations related to Plaintiff's mindset. AHMSI lacks sufficient information to admit or deny the allegations, and they are therefore denied.

3. AHMSI denies that it has committed any wrongful actions with respect to Plaintiff's debt, that it has committed any wrongful action with respect to any attempt to collect Plaintiff's debt, and that it has committed any wrongful action with respect to credit reporting of Plaintiff's debt. AHMSI denies that it has violated Plaintiff's civil rights. AHMSI denies that it has violated the FDCPA or FCRA.

4. AHMSI denies that it has ever reported erroneous or inaccurate information with respect to Plaintiff's credit report. AHMSI is unable to determine whether Plaintiff sent it a "letter of Validation," although no such document has been located in Plaintiff's file. Any remaining allegations in this paragraph are denied.

5. This paragraph quotes from a statute and no response is necessary. To the extent a response is deemed necessary, AHMSI denies that it has violated the quoted statute.

6. This paragraph quotes from a statute and no response is necessary. To the extent a response is deemed necessary, AHMSI denies that it has violated the quoted statute.

7. It is unclear what communication from AHMSI to Plaintiff this paragraph is referencing. Nonetheless, AHMSI denies that it has violated the FDCPA with respect to Plaintiff. AHMSI denies that Plaintiff is entitled to judgment in any amount. Any remaining allegations in this paragraph are denied.

8. AHMSI is unable to determine whether Plaintiff sent it a "letter of Validation," although no such document has been located in Plaintiff's file. AHMSI denies that it has violated the FDCPA. AHMSI denies that Plaintiff is entitled to judgment in any amount. The remainder of this paragraph contains conclusions of law to which no response is necessary. To the extent a response is deemed necessary, the statute speaks for itself and AHMSI denies that it has violated the FDCPA.

9. AHMSI denies that it has violated FCRA and denies that Plaintiff is entitled to judgment in any amount. Further responding, AHMSI states that on or about January 2, 2006, Plaintiff obtained a mortgage loan in the amount of $149,100 from Option One Mortgage Corporation ("Option One") to purchase the property located at 61-63 Charlotte Street, Hartford, Connecticut 06120 (the "Loan"). Servicing of Plaintiff's Loan was subsequently transferred to AHMSI. On or about January 13, 2007, AHMSI was requested by TransUnion LLC ("TransUnion") to verify Plaintiff's basic account information. AHMSI responded to TransUnion on or about January 16, 2007 and provided the requested account information, which was comprised of Plaintiff's name, address, telephone number, and other basic information. On or about October 12, 2010 and October 13, 2010, AHMSI updated the credit bureaus by advising them that foreclosure had been completed. Any remaining allegations in this paragraph are denied.

10. AHMSI denies that it has violated FCRA. Further responding, AHMSI states that on or about January 13, 2007, AHMSI was requested by TransUnion to verify Plaintiff's basic account information. AHMSI responded to TransUnion on or about

- 3 -

January 16, 2007 and provided the requested account information. On or about October 12, 2010 and October 13, 2010, AHMSI updated the credit bureaus by advising them that foreclosure had been completed. Upon information and belief, AHMSI does not have anything in its corporate records to indicate contact from Plaintiff in reference to erroneous or inaccurate reporting in his credit report. Any remaining allegations in this paragraph are denied.

11. AHMSI admits that it may be subject to FCRA as a furnisher of information. AHMSI denies that it has violated FCRA. Any remaining allegations contained in this paragraph are denied.

12. AHMSI admits that FCRA may apply to this case and that FCRA is applicable in North Carolina. AHMSI also admits that the Court has jurisdiction over this case. AHMSI denies that it has violated FCRA. Any remaining allegations contained in this paragraph are denied.

13. AHMSI denies that it has violated FCRA. AHMSI denies that it has violated Plaintiff's civil rights. Further responding, AHMSI states that on or about January 2, 2006, Plaintiff obtained a Loan from Option One. Servicing of Plaintiff's Loan was subsequently transferred to AHMSI. On or about January 13, 2007, AHMSI was requested by TransUnion to verify Plaintiff's basic account information. AHMSI responded to TransUnion on or about January 16, 2007 and provided the requested account information. On or about October 12, 2010 and October 13, 2010, AHMSI updated the credit bureaus by advising them that foreclosure had been completed. Any remaining allegations contained in this paragraph are denied.

14. AHMSI lacks information sufficient to admit or deny the allegations relating to Plaintiff's contact with Experian/Equifax/TransUnion or his review of his credit report. Accordingly, those allegations are denied. On or about January 2, 2006, Plaintiff obtained a Loan from Option One. Servicing of Plaintiff's Loan was subsequently transferred to AHMSI. On or about January 13, 2007, AHMSI was requested by TransUnion to verify Plaintiff's basic account information. AHMSI responded to TransUnion on or about January 16, 2007 and provided the requested account information. On or about October 12, 2010 and October 13, 2010, AHMSI updated the credit bureaus by advising them that foreclosure had been completed. Upon information and belief, AHMSI does not have anything in its corporate records to indicate contact from Plaintiff in reference to erroneous or inaccurate reporting in his credit report. AHMSI denies that it is responsible for any "derogatory," "erroneous," or "inaccurate" information on Plaintiff's credit report. AHMSI denies that it should be held liable for any alleged failure to notify the "Major Credit Reporting agencies that the alleged debt is in dispute." AHMSI denies that it has "continued reporting erroneous and inaccurate information by updating the Plaintiff's credit report." AHMSI denies that it has violated FCRA. Any remaining allegations contained in this paragraph are denied.

15. This paragraph quotes from a statute and no response is necessary. To the extent a response is deemed necessary, AHMSI denies that it has violated the quoted statute.

16. Plaintiff's credit report speaks for itself and is the best evidence of its contents. AHMSI denies that it has violated FCRA.

17. This paragraph quotes from a statute and no response is necessary. To the extent a response is deemed necessary, AHMSI denies that it has violated the quoted statute.

18. AHMSI denies that Plaintiff is entitled to judgment in any amount. AHMSI denies that it has violated FCRA.

19. This paragraph quotes from a statute and no response is necessary. To the extent a response is deemed necessary, AHMSI denies that it has violated the quoted statute.

20. AHMSI denies that Plaintiff is entitled to judgment in any amount. AHMSI denies that it has violated FCRA.

21. AHMSI re-states its responses to the allegations set forth in the preceding paragraphs.

22. AHMSI lacks information sufficient to admit or deny this allegation. Further responding, AHMSI states that upon information and belief, AHMSI does not have anything in its corporate records to indicate contact from Plaintiff in reference to erroneous or inaccurate reporting in his credit report.

23. On or about January 2, 2006, Plaintiff obtained a Loan from Option One. Servicing of Plaintiff's Loan was subsequently transferred to AHMSI. On or about January 13, 2007, AHMSI was requested by TransUnion to verify Plaintiff's basic account information. AHMSI responded to TransUnion on or about January 16, 2007 and provided the requested account information. On or about October 12, 2010 and October 13, 2010, AHMSI updated the credit bureaus by advising them that foreclosure

had been completed.  AHMSI's credit reporting has been compliant with all applicable law, including FCRA.  Any remaining allegations in this paragraph are denied.

24.   This paragraph quotes from a statute and no response is necessary.  To the extent a response is deemed necessary, AHMSI denies that it has violated the quoted statute.  AHMSI lacks information sufficient to admit or deny the allegations stating that Plaintiff "has a negative Experian credit score of 615" and "has been denied credit and at reasonable rates," and those allegations are therefore denied.  AHMSI denies that it has violated FCRA, and denies that it has engaged in erroneous or inaccurate reporting.  AHMSI denies that it is liable for any inaction with respect to Plaintiff.  Any remaining allegations contained in this paragraph are denied.

25.   This paragraph quotes from a statute and no response is necessary.  To the extent a response is deemed necessary, AHMSI denies that it has violated the quoted statute.

26.   AHMSI lacks information sufficient to admit or deny the allegations stating that Plaintiff "has a negative Experian credit score of 615" and "has been denied credit and at reasonable rates," and those allegations are therefore denied.  AHMSI denies that it has violated FCRA.  AHMSI denies that it has been negligent with respect to Plaintiff.  AHMSI denies that it is liable for any inaction with respect to Plaintiff.  AHMSI denies that Plaintiff has suffered injury of any type as a result of any of AHMSI's actions or inactions.  Any remaining allegations contained in this paragraph are denied.

27.   AHMSI denies that Plaintiff is entitled to judgment in any amount.  AHMSI denies that Plaintiff is entitled to costs, fees, or punitive damages.

- 7 -

Case 1:11-cv-00020-UA -PTS   Document 17   Filed 03/10/11   Page 7 of 11

28. It is unclear what "verification" means as that term is utilized in this paragraph. Upon information and belief, Plaintiff has been informed by both AHMSI and Option One about AHMSI servicing his Loan. Any remaining allegations in this paragraph are denied.

29. AHMSI denies that it violated FCRA. AHMSI denies that Plaintiff is entitled to judgment in any amount. AHMSI denies that Plaintiff is entitled to costs or punitive damages.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

Plaintiff has not sufficiently served AHMSI with process, and the Complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

To the extent Plaintiff has been damaged, any such damage is not the result of AHMSI's actions or failure to act.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and repose and/or the doctrine of laches.

## SIXTH DEFENSE

Plaintiff's FCRA claim fails as a matter of law because there is no private cause of action for the type of violation alleged in the Complaint.

## SEVENTH DEFENSE

Plaintiff's FDCPA claim fails as a matter of law because AHMSI is not a debt collector as defined under the statute.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

AHMSI reserves the right to assert any additional defenses as may be warranted throughout the course of the litigation.

WHEREFORE, Defendant AHMSI respectfully prays that the Court grant it the following relief:

1. Dismiss Plaintiffs' claims with prejudice;
2. Order that Plaintiff shall recover nothing from AHMSI;
3. Tax the costs of this action, including reasonable attorneys' fees, against Plaintiff; and
4. Award such other relief as the Court may deem just and proper.

A JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE.

This the 10th day of March, 2011.

        /s/ Ryan P. Ethridge
        Frank A. Hirsch, Jr.
        N.C. State Bar No. 13904
        Heather Adams
        N.C. State Bar No. 25239
        Ryan P. Ethridge
        N.C. State Bar No. 38147
        Alston & Bird LLP
        4721 Emperor Blvd., Ste. 400
        Durham, NC 27703-8580
        Tel: 919-862-2200
        Fax: 919-862-2260
        frank.hirsch@alston.com
        heather.adams@alston.com
        ryan.ethridge@alston.com

CERTIFICATE OF SERVICE

I certify that I have filed a copy of the foregoing with the United States District Court for the Middle District of North Carolina CM/ECF filing system and have also placed a copy of the same with the United States Postal Service via first class mail, postage prepaid as follows:

>Mr. Hassie-Demond Nowlin
>2020 Anthony Court
>Greensboro, North Carolina 27406

This the 10th day of March, 2011.

/s/ Ryan P. Ethridge