

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDDLE DISTRICT OF NORTH CAROLINA

Hassie-Demond; Nowlin ,         )
     Plaintiff pro se' ,          )

V.                          )        **Case No.1:11-cv-20**

American Home MTG SVC, Defendant )    **TRIAL BY JURY DEMANDED**

"American Home Mortgage Servicing, Inc" )

---

## MOTION IN OPPOSITION TO DISMISS BY DEFENDANT AMERICAN HOME MORTGAGE SERVICING, INC

**Comes now the Plaintiff** and states as follows: The Defendant claims the Plaintiff has served the complaint on the wrong entity.

1.  The Complaint was served by the Clerk of the Court and the US Marshall Service at the address indicated in the Plaintiffs Credit report of the Defendants address.

2.  The Defendant now states they are known as American Home Mortgage Servicing, Inc.

3.  From this point forward in this action they will be referred to as American Home Mortgage Servicing, Inc which they say is their true "name".

4.  If the Defendant has answered the complaint and has stated it was to the wrong party or not their name. Why would they answer if it was not served on the right party at the right location? The complaint was severed by the clerk of the court through the ****US Marshal Service.

5.  Plaintiff's complaint is well-plead and more than adequate and does comply with *Federal Rule of Civil Procedure 8(a)*. Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims alleging he is entitled to relief. Federal Rules of Civil Procedure 8(a);

1

## NOTICE PLEADING

6    *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974); *Hrubec v. Nat. R.Pass. Corp.*, 981 F.2d 962 (7th Cir. 1992). Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. *Hostrop v. Board of Junior College District No. 1*, 523 F.2d 569 (7th Cir. 1975), *cert. denied*, 425 U.S. 963, 48 L. Ed. 2d 208, 96 S. Ct. 1748 (1975). There are "no technical forms of pleading" and Plaintiff's Original Complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure. Maynard v. General Electric Company, 486 F.2d 538 (4th Cir. 1973). Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. *Neizil v. Williams*, 543 F. Supp. 899 (U.S.D.C. M.D. Fla. 1982); *Ambling v.Blackstone Cattle Co.*, 658 F. Supp. 1459 (U.S.D.C. N.D. Ill. 1987). The complaint must be ingeneral terms and need not be stated within a framework of a cause of action. *Stanley v. HarperBuffing Machine Co.*, 28 F.R.D. 579 (U.S.D.C. Conn. 1961). Legal conclusions or statements of law must not be alleged in the complaint. *Curacao Trading Co. v. Fed. Ins. Co.*, 3 F.R.D. 203 (U.S.D.C. N.Y. 1942). Further, plaintiff need not allege a theory of action. *Id.* Plaintiff need not specify under what law(s) his case arises. *Ghebreslassie v. Coleman Secur. Svc.*, 829 F.2d 892 (9th Cir. 1987). Plaintiff need not plead state laws. *Lumbermans Mut. Cas. Co. v. Norris Grain Co.*, 343 F.2d 670 (8th Cir. 1965). State laws should not be plead as the federal court will take judicial notice of applicable state laws. *Bower v. Casanave*, 44 F. Supp. 501 (U.S.D.C. N.Y.1941). Plaintiff need not state his legal theories and discuss all applicable laws or laws which might be applied by the court. Federal courts employ notice pleadings. Plaintiff has done much more than merely put Defendants on notice of his claims. Fed.R.Civ.Proc. 8.

The Plaintiff brings this action against the Defendant American Home Mortgage Servicing, Inc under the Fair Credit Reporting Act **15 U.S.C. 1681** *et seq*

7. Pursuant to Federal Rules of Civil Procedure 12(b)(6), and the jurisprudence construing same, when faced with a Motion to Dismiss under Rule 12(b)(6), the court must treat the facts alleged in the complaint as admitted. *Ward v. Hudnall*, 366 F.2d 247 (5th Cir. 1966); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. *Janke Construction Co. v. VulcanMaterials Co.*, 527 F.2d 772 (7th Cir. 1974); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827,1833 (1989). Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn from this. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683 (1974); *Miree v. Dekalb County, Georgia*, 433 U.S. 25, 97 S.Ct. 2490 (1977).

If admitted and taken as true, the allegations of the plaintiff's complaint do state claims upon which relief can be granted.

Motions to Dismiss are not favored and are granted only when it appears to a certainty that no set of facts could be proven at trial which would entitle Plaintiff to any relief. *Dann v.Studebaker-Packard Corp.*, 288 F.2d 201 (6th Cir. 1961).

## 15 U.S.C. 1681S-2(B) PROVIDES A PRIVATE RIGHT OF ACTION
## AMERICAN HOME MORTGAGE SERVICING, INC

8. brought this motion to dismiss each and every count against them including the violations of section 1681s-2(b). There is plainly a private right and cause of action under section 1681s-2(b). See, for example, *Whitesides v. Equifax Credit Information Services, et al*, 125 F. Supp.2d 807 and 125 F. Supp.2d 813 (U.S.D.C. W.D. La. 2000) (two opinions) (on point factually and legally); *Nelson v. Chase Manhattan Mortgage*, _____ F.3d _____, 2002 Westlaw 316714 (9th Cir. 2002) (Nev.) (3/1/02) (finding a private right of action under 1681s-2(b) and noting an overwhelming authority (roughly 30 district courts) rejecting the erroneous *Carney v. Experian Information Solutions, Inc.*, 57 F. Supp.2d 496 (U.S.D.C. W.D.Tenn. 1999) (which also bought into the ill-fated 1681t(b)(1)(F) position of defendant), decision.

3

**The FCRA 15 U.S.C. 1681 is supposed to receive a liberal construction in favor of consumers, *not in favor of the credit and credit reporting industries*.** *Guimond v. Trans Union Credit Information, Co.*, 45 F.3d 1329 (9th Cir. 1995) (Cal.); *Klapper v. Shapiro*, 586 N.Y. S.2d 846 (N.Y. Sup.1992); *Kates v. Croker National Bank*, 776 F.2d 1396, 1397 (9th Cir. 1995); *Litschitz v. American Express Co.*, 560 F. Supp. 458 (U.S.D.C. Pa. 1983); *Jones v. Federated Financial Reserve Corp.*, 144 F.3d 961 (6th Cir. 1998) (Mich.). And:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**RICHARD L. SHEFFER, :**
**Plaintiff, : CIVIL ACTION: v.**
**EXPERIAN INFORMATION :**
**SOLUTIONS, INC., et al., : No. 02-7407**
**Defendants. :**
**MEMORANDUM AND ORDER**
**SCHILLER, J. February , 2003**

In its motion, Sears contends that Plaintiff's claim under the FCRA should be dismissed because consumers have no private right of action against a credit furnisher under 15 U.S.C. §1681s-2(b). In the alternative, Sears argues that Mr. Sheffer's allegations are legally insufficient because Plaintiff has failed to allege that a credit reporting agency has sent a dispute verification form to Sears. Sears also moves for the dismissal of Mr. Sheffer's defamation claim, arguing that the claim is preempted by the FCRA.

With respect to the issue of whether § 1681s-2(b) creates a cause of action for a consumer against a furnisher of credit information, Sears correctly notes that courts have reached different recognized Congress' obvious intent [to] create a private cause of action through § 1681s-2."

*Vazquez-Garcia v. Trans Union De P.R., Inc.*, 222 F. Supp. 2d 150, 155 (D.P.R. 2002); *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1058 (9th Cir. 2002) (describing purpose of § 1681s-2(b) as "provid[ing] some private remedy to injured consumers"). The reasoning in support of the majority view has been aptly summarized:

9. The civil liability sections, 15 U.S.C. § **1681n** and **1681o**, explicitly provide a private right of action for consumers wishing to enforce any provision of the Fair Credit Reporting Act against "any person" who either "willfully fails to comply" or is

Case 1:11-cv-00020-UA -PTS   Document 21   Filed 03/29/11   Page 4 of 7

"negligent in failing to comply." Absent any explicit limitation, the plain language of 15 U.S.C. §**1681n, 1681o**, 1681s-2(b) and (c) provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. Furthermore, the negative inference of explicitly precluding a consumer's right of action for violations of § 1681s-2(a) is that they are preserved in § 1681s-2(b). Accordingly, the plain language of the Fair Credit Reporting Act compels the conclusion that there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information.

10. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts must accept as true all of the factual allegations pleaded in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001).

11. Furthermore, a motion to dismiss will only be granted if it is clear that relief cannot be granted to the Plaintiff under any set of facts that could be proven consistent with the complaint's allegations.

    *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Erickson*, 127 S.Ct. at 2200.

    **In *Erickson*.....**

    the Supreme Court stressed the ***pro se*** status of the plaintiff in *Erickson* — a far cry from the highly sophisticated antitrust counsel in *Bell Atlantic*: The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is " to be liberally construed," *Estelle [v. Gamble]*, 429 U.S. [97] at 106, 97 S.Ct. 285, and " a pro se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *ibid.* (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) (".... All pleadings shall be so construed as to do substantial justice").

    **And**

Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the Defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, ----, 127 S.Ct. 1955, --- L.Ed.2d ----, ---- - ---- (2007) (slip op., at 7-8) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In addition, when ruling on a Defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp., supra,* at 1955, 127 S.Ct. 1955 (slip op., at 8-9) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). *Erickson,* 127 S.Ct. at 2200.

## **CONCLUSION:**

12. Plaintiff believes he has addressed and opposed each and every argument submitted by Defendant. Plaintiff intends to oppose each such argument as requested by Defendant and has motioned to have this Honorable Court dismiss all of Plaintiff's claims.

None of the claims are subject to dismissal and are properly plead. Plaintiff respectfully asserts that defendant name motion should be denied.

Respectfully submitted:

This 28 day of March 2011

*Hassie-Demond Nowlin*
Hassie-Demond Nowlin
2020 Anthony Court
Greensboro North Carolina 27406
HDKNOWLIN@HOTMAIL.COM
(336) 327-5716

6

# CERTIFICATE OF SERVICE

I, the Plaintiff, Hassie-Demond Nowlin, does hereby certify that a copy of the Opposition to Dismiss was sent to the Defendant AMERICAN HOME MORTGAGE SERVICING Inc, through their attorney of record ALSTON & BIRD LLP, 4721 Emperor Blvd, Suite 400, Durham, NC 27703-8580 for the purpose of satisfying by USPS Mail pursuant to Federal Rules of Civil Procedure 4 (c) (2) (c) (i). This will also be available to any and all PACER ECF participants and will serve as Notice and Service.

Hassie-Demond Nowlin
2020 Anthony Court
Greensboro North Carolina 27406
HDKNOWLIN@HOTMAIL.COM
(336) 327-5716

7