IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HASSIE-DEMOND NOWLIN,         )
                              )
            Plaintiff,        )
                              )
   v.                         )          1:11CV20
                              )
AMERICAN HOME MTG SVC,        )
                              )
            Defendant.        )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on pending motions filed by the parties, including Plaintiff's "Motion for Default Judgment" (Docket No. 11) and Defendant's "Motion to Dismiss" (Docket No. 18). For reasons set forth below, the Court finds that Plaintiff's motion for a default judgment should be denied, and Defendant's motion to dismiss Plaintiff's Complaint should be granted.

In this action, Plaintiff Hassie-Demond Nowlin proceeds *pro se* and *in forma pauperis*. In his Complaint, Plaintiff identifies the Defendant as "American Home MTG SVC" and presents allegations under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. The Court construes the *pro se* Complaint, which is often difficult to understand, as follows. Plaintiff's first claim is said to arise under 15 U.S.C. § 1692e and includes allegations that Defendant failed to disclose to Plaintiff that Defendant was a debt

collector. (Docket No. 2, Complaint ("Compl.") at 2.) Plaintiff's second claim is based upon an assertion that Defendant furnished erroneous and inaccurate information to a consumer reporting agency, and failed to "validate" the debt. (*Id*. at 3, 5.) And Plaintiff's third claim is that Defendant violated federal law by performing a credit inquiry into Plaintiff's Experian, Equifax, and TransUnion reports. (*Id*. at 4.)

Defendant has filed an Answer to the Complaint. Therein, Defendant notes that its true name is American Home Mortgage Servicing, Inc ("AHMSI"). Defendant denies that it has violated the Fair Debt Collection Practices Act or the Fair Credit Reporting Act, as alleged by Plaintiff. Defendant states that on or about January 2, 2006, Plaintiff obtained a mortgage loan in the amount of $149,100 from Option One Mortgage Corporation ("Option One") to purchase property located at 61-63 Charlotte Street, Hartford, Connecticut. Servicing of that loan was subsequently transferred to Defendant AHMSI. On or about January 13, 2007, AHMSI was requested by TransUnion LLC to verify Plaintiff's basic account information. On or about January 16, 2007, Defendant provided TransUnion with Plaintiff's name, address, telephone number, and other basic information. On or about October 12 and 13, 2010, Defendant AHMSI updated the credit bureaus by advising that foreclosure had been completed on the property secured by the loan. In its Answer, Defendant preserved defenses under Fed. R. Civ. P. 12(b)(5) and (6). (Docket No. 17, Answer.)

On March 10, 2011, Defendant AHMSI filed Rule 12(b)(5) and 12(b)(6) motions to dismiss. Plaintiff Nowlin filed a response on March 29, and Defendant filed a reply on April 14. The motions to dismiss are ready for a ruling.

The Court does not reach Defendant's Rule 12(b)(5) motion at this time. Defendant contends that service of process of the Summons and Complaint has been improper. The Court notes, however, that pursuant to Fed. R. Civ. P. Rule 4(c)(3), the Court must appoint the United States Marshal to effect service of process for a party such as Plaintiff Nowlin, who proceeds *in forma pauperis*. Therefore, Defendant's contention that service has been inadequate would not result in dismissal at this time. Rather, the Court would be directed by Rule 4 to instruct the Marshal concerning the proper manner of service of process in this case. For this reason, the Court turns its attention to Defendant's Rule 12(b)(6) motion.

Dismissal is proper under Rule12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For the purposes of Rule 12(b)(6) the Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citations omitted). A complaint can only achieve facial plausibility when it contains sufficient allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The "plausibility" standard demands more than a mere possibility of misconduct, and if the facts alleged are "not only compatible with, but indeed . . . more likely explained by lawful . . . behavior," the pleading will be insufficient. *Ashcroft v. Iqbal*, 556 U.S. \_\_\_\_, 129 S. Ct. 1937 (2009).

Plaintiff's first claim is that Defendant failed to disclose in communications with Plaintiff that it was a "debt collector" and thus violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692p. Nonetheless, fatal to Plaintiff's first claim is the indisputable fact that Defendant AHMSI is not a debt collector within the meaning of the Act and no allegation of Plaintiff's Complaint plausibly suggests otherwise. A "debt collector" under the Act is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Importantly, creditors, mortgage servicing companies (such as AHMSI), and assignees of debts are not included within the definition of "debt collector" as long as the debt in question was not in default at the time of assignment. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

-4-

Case 1:11-cv-00020-UA -PTS   Document 23   Filed 06/07/11   Page 4 of 7

No allegation of Plaintiff plausibly serves to identify Defendant as a "debt collector" as defined in the Act, as opposed to a mortgage servicing company whose actions were all in that capacity. Accordingly, Plaintiff states no cognizable cause of action against Defendant AHMSI under the FDCPA.

Plaintiff's second claim is based upon the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. The FCRA specifically prohibits consumers from bringing private actions against furnishers of information to consumer reporting agencies where the allegation is that the furnisher of information, such as Defendant AHMSI here, furnished false information. The FCRA states that the sections of the FCRA that provide a private cause of action to consumers (15 U.S.C. §§ 1682n, 1681o) "do not apply to any violation of" Section 1681s-2a. 15 U.S.C. § 1681s-2(c). *See Saunders v. Branch Banking & Trust Co. Of Va.*, 526 F.3d 142, 149 (4th Cir. 2008)("FCRA explicitly bars private suits for violations of § 1681-2a."). Enforcement of that section is entrusted to federal and state agencies and officials. 15 U.S.C. § 1681s-2(d). To the extent that Plaintiff's Complaint includes an allegation that Defendant failed to take action with regard to a disputed debt, where a private right of action could exist under 15 U.S.C. § 1681s-2(b), Plaintiff includes no allegation that Defendant AHMSI was ever notified by a consumer reporting agency that Plaintiff disputes information furnished by AHMSI. *See* 15 U.S.C. § 1681s-2(b). Accordingly, Plaintiff has no cause of action under the FCRA under the allegations of the Complaint.

-5-

Case 1:11-cv-00020-UA -PTS   Document 23   Filed 06/07/11   Page 5 of 7

Plaintiff's third claim is that Defendant violated the Fair Credit Report Act or his civil rights by performing a credit inquiry into Plaintiff's Experian, Equifax and TransUnion reports. (Compl. at 4.) Plaintiff cites 15 U.S.C. § 1681b as a basis for this claim. Plaintiff does not develop this claim with factual allegations other than to state that "on or about July 9th" Defendant performed a credit inquiry into Plaintiff's Experian, Equifax and TransUnion reports. In responding to Defendant's motion to dismiss, Plaintiff makes no reference to this claim, and may thus be held to have abandoned the claim. Moreover, Plaintiff has not contested that Defendant acted as a mortgage servicing company with regard to a mortgage loan taken out by Plaintiff. In this circumstance, Defendant was a "person" who intended to use the information in connection with a credit transaction. *See* 15 U.S.C. § 1681b(a)(3)(A). In any event, § 1681b governs the actions of consumer reporting agencies, not those requesting information from such agencies, and there is and can be no allegation that Defendant acted as a consumer reporting agency. *See Davis v. Reg'l Acceptance Corp.*, 300 F. Supp. 2d 377, 385 (E.D.Va. 2002).

Plaintiff's motion for entry of default (Docket No. 11) should be denied in view of the fact that Defendant responded to the Complaint within the time permitted by the Court's Order of March 2, 2011.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Plaintiff's motion for a default judgment (Docket No. 11) be denied and that Defendant's Rule 12(b)(6) motion to dismiss (Docket No. 18) be granted.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 7, 2011